**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| MARJORIE STEWART, | ) | |
| ET. AL., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:10-cv-02822-RWT |
| | ) | |
| HOWARD BIERMAN, | ) | |
| ET AL., | ) | |
| | ) | |
| | ) | |
|     Defendant. | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME**
**TO FILE INITIAL RESPONSIVE PLEADING**

The Defendants in this case have requested an extension of time to file their first responsive pleading in this matter to and including January 6, 2011. The reasons supporting this request are as follows.

1.      Fed R. Civ. P. Rule 6(b)(1) permits the Court, on motion or on its own, before the expiration of any applicable deadline, "for cause shown" , to enlarge the time within which a party must act. The Court has "broad discretion" in granting a timely request under Rule 6. <u>Bank v. Cooper</u>, 2009 U.S. Dist. LEXIS 47544 *4 (E.D. N.Y. 2009). The Defendants' motion here is timely as no responsive pleading deadline has passed – indeed, not all Defendants have been served. The request is modest as (a) although not all defendants have been served, all will agree to respond by a single responsive pleading date, (b) the requested date does not represent a significant extension

of time beyond the existing deadline for any served defendant [1] and (c) the request is reasonable in view of the exigencies of the Holiday season and existing scheduling issues of recently retained defense counsel for all Defendants.

2.      Not all Defendants have been served as of this date but undersigned counsel will be representing all defendants and has informed counsel for Plaintiffs that service will be accepted for all Defendants provided a uniform response date can be agreed to.

3.      Counsel for Defendants has just been retained and requires the requested time to meet with the Defendants and properly acquaint himself with the case and prepare appropriate responsive pleadings for all Defendants.

4.      The upcoming holiday season and existing trial commitments make it necessary to request an extension that is slightly longer than would normally be necessary, but will not in any way materially delay the progress of the case before the Court.

5.      Pursuant to Local Rule 9, Counsel for Defendants requested that counsel for plaintiffs agree to the extension until January 6, 2011 but they refused to do so, agreeing only to an extension until December 24, 2010 - the day before Christmas. [2]

---

[1]  The earliest any Defendant was served was by certified mail (Defendant Geesing and Bierman, Geesing, Ward &Wood, LLC) on November 11, 2010.  Defendant Ward has not yet been served.

[2] Plaintiff's counsel refused the request for the additional approximately two week extension until after the holiday period on the grounds that Defendants were continuing "on a daily basis to defraud Maryland courts".  Leaving aside the patently false substance of the accusation (the specific procedural issues of which the Plaintiffs complain ceased in November 2009), the Complaint seeks no immediate injunctive relief for any current conduct such as would implicate a request for an additional two week period for an initial response.  Beyond that, the Complaint has not been certified as a class action and as to the individual plaintiffs, it is clear that there is no immediate threatened harm (if any at all).  Plaintiff Stewart has been the subject of an already fully state court ratified foreclosure sale. See, Comp. Paras. 60-61. Plaintiffs Nachbar and the Lembachs remain in their homes subject to a new foreclosure sale as to which they allege no procedural problems whatsoever. See, Comp. Paras. 80-83 (Nachbar) and 98-101 (Lembachs).

6.      With all due respect, such a position on an initial request for an extension to respond in view of the calendar and the nature of the Complaint is unduly contentious and restrictive and requires the filing of a Motion when such matters should be routinely agreed to between counsel acting in good faith.

Wherefore, Defendants respectfully request that the Court grant Defendants' motion to extend the deadline for filing responsive pleadings to the Complaint up to and including January 6, 2011.


Dated:  November 29, 2010                       Respectfully submitted,

                                                Howard Bierman, et al.,
                                                Defendants
                                                By Counsel


SANDS ANDERSON PC


_____/s/_____
J. Jonathan Schraub
(Maryland Bar No.: 01660)
(Federal Bar No.: 02708)
Paige Levy
jjschraub@sandsanderson.com
plevy@sandsanderson.com
1497 Chain Bridge Road, Suite 202
McLean, VA  22101
(703) 893-3600
(703) 893-8484 (fax)
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING** was served via the ECF Filing System to the following on November 29, 2010:

> Gerald Solomon
> Solomon & Bascietto, LLC
> 9857 Majestic Drive
> Boynton Beach, Florida 33437
> Telephone: (800) 604-7449
> Fax: (561) 735-3536
> Email: jerry@saveyourdream.us
>
> John J. Bascietto
> Solomon & Bascietto, LLC
> 4741 Sellman Road
> Beltsville, Maryland 20705
> Telephone: (240) 206-6002
> Email: johnbaslaw@gmail.com
>
> Scott C. Borison
> 5500 Buckeystown Pike
> Frederick, Maryland 21703
> Telephone: (301) 620-1016
> Fax: (301) 620-1018
> borison@legglaw.com
>
> Michael Gregg Morin
> 124 South Street, Suite 3
> Annapolis, Maryland 21401
> Telephone: (410) 280-6133
> Fax: (410) 280-8650
> Email: mikemorin.morinlaw@gmail.com

_____ /s/ _____
J. Jonathan Schraub