# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                |   |                              |
|--------------------------------|---|------------------------------|
| MARJORIE STEWART, et al.,      | * |                              |
| Plaintiffs,                    | * |                              |
| v.                             | * | Civil Case No.: RWT 10cv2822 |
| HOWARD BIERMAN, et al.,        | * |                              |
| Defendants.                    | * |                              |

## MEMORANDUM OPINION

Plaintiffs Marjorie Stewart, Jay Nachbar, and Gerald and Debbie Lembach (collectively, "Plaintiffs") have filed suit against Howard Bierman, George Geesing, Carrie Ward, and Bierman, Geesing, Ward & Wood, LLC ("BGWW"), a law firm (collectively, "Defendants"). Plaintiffs bring this putative class action alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and asserting multiple state law claims arising from Defendants' conduct while foreclosing on Plaintiffs' homes.

Pending before the Court is Defendants' Motion to Dismiss the Complaint (ECF No. 10), Plaintiffs' Motion to Allow Plaintiffs to Supplement their Memorandum in Support of their Response to the Defendants' Motion to Dismiss (ECF No. 19), and Plaintiffs' Rule 15 Motion to Allow the Plaintiffs to File a First Amended Complaint (ECF No. 26). For the reasons that follow, Plaintiffs' Motion for Leave to File a First Amended Complaint will be granted in part and denied in part, and Defendants' Motion to Dismiss the Complaint and Plaintiffs' Motion to Supplement their Memorandum in Support of their Response to Defendants' Motion to Dismiss will be denied as moot.

**BACKGROUND FACTS**

In 2009, Plaintiffs defaulted on their home mortgages. Compl. ¶¶ 36, 65, 85. Defendants were appointed as substitute trustees under deeds of trust to foreclose upon Plaintiffs' properties. *Id.* ¶¶ 39, 68, 88. Defendants subsequently filed Orders to Docket foreclosure actions against Stewart's and Nachbar's properties in the Circuit Court of Montgomery County, Maryland and against the Lembachs' property in the Circuit Court for Anne Arundel County, Maryland. *Id.* ¶¶ 41, 70, 91. The Order to Docket was filed with respect to Stewart's property on September 30, 2009; with respect to Nachbar's property on August 4, 2009; and with respect to the Lembachs' property on September 28, 2009. *Id*.

Plaintiffs allege Defendants filed "false, fabricated, or counterfeit" documents in each of their foreclosure proceedings. *See* Compl. ¶ 119. Plaintiffs claim Defendants instructed BGWW clerical employees to fabricate Defendants' signatures on trustee appointments, Orders to Docket and affidavits filed in support of the foreclosure actions. *Id*. ¶¶ 3, 4. Plaintiffs further claim that notaries employed by BGWW certified some of the affidavits without the affiant appearing and executing the affidavit in front of the notary. *Id*. ¶ 46. Defendants also allegedly instructed individuals other than notaries to sign the notary's signature and affix the notary's seal on some foreclosure documents. *Id.* ¶ 74.

Plaintiffs discovered Defendants' conduct and disputed the validity of the documents, at which point Defendants voluntarily dismissed each of the three pending foreclosure actions. *Id*. ¶¶ 51-52, 78-79, 96-97, Ex. A. Defendants then filed three, new Orders to Docket foreclosure actions with respect to Plaintiffs' properties. *Id*. ¶ 53, 80, 98.

The second foreclosure action instituted against Stewart's property was also allegedly supported with "false, fabricated, and counterfeit documents," including an "adulterated copy of

2

the [promissory] note with assignments." *Id*. ¶ 55. On June 17, 2010, Defendants produced the original note and assignments for the Stewart Property during a hearing in the Montgomery County Circuit Court. *Id*. ¶ 59. The original note differed from the previously sworn "true and accurate copy" of the note attached to the Order to Docket the second foreclosure. *Id*. ¶ 59. Stewart objected to the foreclosure sale, arguing that Defendants' conduct of submitting false and forged documents in the first and second foreclosure actions should nullify the foreclosure sale. Defs.' Mot. Dismiss, Ex. D. The Circuit Court for Montgomery County nevertheless ratified the foreclosure sale on June 25, 2010. Compl. ¶ 60. Stewart appealed the ratification to the Maryland Court of Special Appeals, but later voluntarily dismissed her appeal. Defs.' Mot. Dismiss, Ex. A at 6. Subsequently, the Stewart Property was conveyed to a third party purchaser. Compl. ¶ 63.

The second foreclosure action initiated with respect to the Nachbar's property is still active. *See* Circuit Court for Montgomery County, Case No. 327965-V. On May 26, 2011, the second foreclosure action with respect to the Lembachs' property was dismissed without prejudice. *See* Circuit Court for Ann Arundel County, Case No. 02-C-10-150203, Dkt. No. 20.

The conduct Plaintiffs challenge in this suit—the filing in residential foreclosure actions of affidavits as to which the affiant either did not have sufficient knowledge of the facts stated in the affidavit to validly attest to their accuracy or did not actually read or personally sign the affidavit—became widely known as "robo-signing." The Rules Committee of the Court of Appeals of Maryland responded to the practice of robo-signing by enacting emergency rules allowing the courts to screen for falsified affidavits and to order parties to show cause why those affidavits should not be stricken and cases relying upon them dismissed. *See* The Court of Appeals of Maryland Rules Order, October 20, 2010.

3

## PROCEDURAL HISTORY

On October 13, 2010, Plaintiffs filed a six-count Complaint in this Court, asserting claims on behalf of themselves and a putative class of similarly situated Maryland residents. ECF No. 1. The Complaint contained the following counts: Violation of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*; Wrongful Foreclosure: Failure to Comply with Maryland Real Property Article §§ 7-501.1 or 7-105.2; Negligence; Violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code., Com. Law., §§ 13-101, *et seq.*; Declaratory Judgment; and *Respondeat Superior*. *Id.*

On January 6, 2011, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 10. Plaintiffs filed an opposition to Defendants' Motion to Dismiss on January 31, 2011, and Defendants filed a reply in support of their motion on February 17, 2011. ECF Nos. 14, 16. On May 27, 2011, Plaintiffs filed a Motion to Supplement their Memorandum in Opposition to Defendants' Motion to Dismiss, asserting that they had discovered recent, relevant authorities and attaching their proposed supplemental memorandum. ECF No. 19. On June 6, 2011, Defendants filed a response to Plaintiffs' Supplemental Memorandum. ECF No. 21. On July 8, 2011, the Court held a hearing on Defendants' Motion to Dismiss, and took the matter under advisement.

On July 15, 2011, Plaintiffs voluntarily dismissed Count V of their Complaint, which sought declaratory relief. ECF No. 25. On July 20, 2011, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 15(a) seeking leave to file a First Amended Complaint. ECF No. 26. Defendants opposed this motion on July 26, 2011, and Plaintiffs filed a reply in support of their motion seeking leave to amend on August 12, 2011.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In fact, such leave 'should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Franks v. Ross,* 313 F.3d 184, 193 (4th Cir. 2002) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999)) (internal quotation and citation omitted) (emphasis in original).

Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995); *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005). "Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face." *Cappetta v. GC Services Ltd. Partnership,* 2009 WL 482474 at *4 (4th Cir. 2009) (citing *Davis v. Piper Aircraft Corporation,* 615 F. 2d 606, 613 (4th Cir. 1986)). The decision whether to grant leave to amend rests "within the sound discretion of the district court." *Davis v. Virginia Commonwealth Univ.,* 180 F. 3d 626, 628 (4th Cir.1999) (citing *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see also Medigen of Kentucky, Inc. v. Pub. Serv. Comm'n of West Virginia,* 985 F. 2d 164, 167-68 (4th Cir. 1993) (noting that "the federal rules strongly favor granting leave to amend").

## ANALYSIS

In support of their Motion for Leave to Amend, Plaintiffs argue that their proposed First Amended Complaint addresses certain deficiencies in their original Complaint about which the Court expressed concern during the July 8, 2011 hearing on Defendants' Motion to Dismiss the Complaint. ECF No. 26 at 2. In particular, Plaintiffs argue that the First Amended Complaint

more fully articulates the damages Plaintiffs suffered as a result of Defendants' conduct; contains factual allegations supporting a legal theory of collateral estoppel; and contains additional allegations regarding conduct that occurred within the limitations period. *Id.* at 2-3, ECF No. 28 at 6-10.

In opposition to Plaintiffs' Motion for Leave to Amend, Defendants argue that leave to amend should be denied because the proposed amendments are futile. ECF No. 27 at 2. Defendants contend that Stewart's claims are still barred by the doctrine of *res judicata* and that the claims of Nachbar and the Lembachs are not ripe as they have not yet been subject to foreclosure. *Id.* at 3. Echoing the arguments articulated in their Motion to Dismiss, Defendants also argue that Plaintiffs' FDCPA claim fails because Defendants are not "debt collectors;" Plaintiffs cannot show that Defendants conduct was a material violation of the FDCPA; and Plaintiffs' claims are time-barred. *Id.* at 4. Defendants argue that the proposed amendments to Plaintiffs' Second Cause of Action are futile because Maryland Real Property Article §§ 7-105.1 and 7-105.2 do not govern the manner in which foreclosure documents are executed. *Id.* at 5. Defendants argue that Plaintiffs' negligence *per se* theory is futile because these statutes only govern the substance, not the form, of foreclosure notices, and further argue that Plaintiffs have not sufficiently alleged facts demonstrating proximate causation.

Defendants argue that Plaintiffs' proposed amendments of their claims under the Maryland Consumer Protection Act ("MCPA") and the Maryland Consumer Debt Collection Act ("MCDCA") are also futile because Defendants are attorneys and are therefore exempt from the provisions of the MCPA and because Plaintiffs' First Amended Complaint fails to articulate what specific conduct of Defendants violated the MCDCA. Defendants claim that Plaintiffs'

6

collateral estoppel argument is a red herring and argue that Plaintiffs still have not articulated sufficient damages to support any claim.

Plaintiffs' proposed amendments are not "clearly insufficient or frivolous on [their] face." *Cappetta v. GC Services Ltd. Partnership,* 2009 WL 482474 at *4 (4th Cir. 2009) (citing *Davis v. Piper Aircraft Corporation,* 615 F.2d 606, 613 (4th Cir. 1986)). Plaintiffs' amendments attempt to address concerns the Court raised at the July 8, 2011 hearing, including the possible insufficiency of the original Complaint's allegations regarding Plaintiffs' damages. *See* First Amended Compl., ¶¶ 63, 83, 106, 113, 114, 140, 141, 161. In addition, Plaintiffs' proposed amendments incorporate facts that may support additional claims—Plaintiffs now assert a claim under the MCDCA—and legal theories—Plaintiffs claim that Defendants' argument that their conduct was legal is barred under the doctrine of collateral estoppel. *See id.* at ¶¶ 50-53, 108-110, 125, 137, 146.4, 194-204. The First Amended Complaint also contains allegations that Defendants did not have the authority to delegate acts such as signing deeds of appointment to others, and that Defendants were not acting within the scope of their professional licenses when they allegedly directed others to forge certain documents—allegations that may remedy certain deficiencies in the original complaint. *See id.* at ¶¶ 8, 22, 199. Finally, Plaintiffs' First Amended Complaint includes additional factual allegations which might support a claim for equitable tolling of the statute of limitations because of Defendants' allegedly fraudulent conduct. *See id.* at ¶¶ 36-38.

Whether the First Amended Complaint can survive a motion to dismiss is not clear at this juncture. Because the amendments are not clearly frivolous on their face, the Court will grant Plaintiffs' motion for leave to amend, with one exception.

The proposed amendments relating to Plaintiff Stewart's claims are futile because Stewart's claims are barred under the doctrine of *res judicata*, a doctrine which incorporates the related doctrines of claim and issue preclusion. Under Maryland law, claim preclusion applies if three elements are met: (1) the parties in the present litigation are the same or are in privity with the parties in the earlier dispute; (2) the claim presented in the current action is identical to the one presented in the earlier dispute; and (3) there was a final adjudication on the merits in the earlier action. *Green v. Ford Motor Credit Co.*, 828 A.2d 821, 828 (Md. Ct. Spec. App. 2003) (citations omitted). Under Maryland law, the first judgment has preclusive effect if the same cause of action was litigated, or if it "*could have been litigated in the original suit.*" *Id.* (citations omitted) (emphasis in original).

Maryland uses a transactional test to determine whether a claim is "identical" to one previously litigated or which could have been litigated. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) ("The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.") (internal quotations omitted). To determine whether claims arise from the same transaction or series of transactions, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010).

The first and third elements of claim preclusion are clearly met with respect to Stewart's claims. The parties to this litigation are identical to the parties to Stewart's foreclosure action in

the Circuit Court for Montgomery County, and the court's ratification of the sale was a final judgment on the merits. *See* June 17, 2010 Order, Defs.' Mot. to Dismiss, Ex. C.

The second element is also met. Stewart's allegations in the present action certainly form a "conventional trial unit" with the issues litigated in her foreclosure action. All of Stewart's claims in this suit challenge the validity of the foreclosure procedures employed by Defendants—issues which could and should have been raised in the foreclosure action. *See Capel*, 2010 WL 457534, at *4. Thus, claim preclusion bars Stewart's claims.

The transcript of the Circuit Court's foreclosure ratification hearing makes clear that Stewart is attempting to present to this Court an argument rejected by the Montgomery County Circuit Court. At the state foreclosure ratification hearing, Stewart argued that the foreclosure sale should not be ratified because Defendants had submitted false and fraudulently signed and notarized documents in support of the foreclosure. Stewart argued that "[t]he substitute trustees . . . have come to court with unclean hands. They filed a multitude of affidavits that were allegedly signed . . . by trustees . . . . [W]hen they filed the first case, there's affidavits from the trustees that were fraudulent." Hr'g Tr. 41:4-9; 44:21-22, Jun. 17, 2010, Defs.' Mot. to Dismiss, Ex. D. Because the claims now asserted challenge the exact same conduct Stewart argued should have invalidated the foreclosure sale, these claims are precluded by the outcome of the Circuit Court proceeding. In ratifying the foreclosure sale, the Circuit Court rejected Stewart's argument that Defendants' conduct resulted in an illegal foreclosure. Stewart is not entitled to re-litigate the validity of the foreclosure in this Court. Accordingly, Stewart's claims are barred pursuant to the doctrine of claim preclusion.

Additionally, Stewart's claims are barred by the doctrine of issue preclusion. Under Maryland law, issue preclusion requires that four elements be met:

> (1) the issue decided in the prior adjudication must be identical to the one presented in the present action; (2) there was a final judgment on the merits in the first action; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the plea is asserted was given a fair opportunity to be heard on the issue in the first action.

*Jones v. HSBC Bank USA, N.A.,* No. RWT-09-cv-2904, 2011 WL 382371, at *4 (D. Md. Feb. 3, 2011) (citations omitted) (dismissing FDCPA claim on issue preclusion grounds where FDCPA claim attempted to raise identical issues as those raised in prior state court foreclosure proceeding).

Here, all four elements are clearly met with respect to Stewart's present claims. As discussed above, Stewart raises the same issues in this action that she raised in the foreclosure ratification hearing, and she raises these issues against identical parties. The crux of Stewart's argument then and now is that "false, fabricated, and fraudulent" documents negated the right of Defendants to foreclose on her home. In ratifying the sale, the Circuit Court rejected this argument. *See* Hr'g Tr., Jun. 17, 2010, Defs.' Mot. to Dismiss, Ex. D. Finally, Stewart had a full and fair opportunity to challenge the legality of Defendants' conduct in two foreclosure proceedings in the Circuit Court for Montgomery County, and in her appeal to the Maryland Court of Special Appeals—an appeal that she abandoned. Defs.' Mot. to Dismiss, Ex B at 12. The Maryland court's ruling therefore stands as a final adjudication of the parties' rights to the property Stewart owned. Because Stewart's claims are barred by the doctrines of issue and claim preclusion, any proposed amendments relating to Stewart's claims are futile, and allegations and claims relating to the Stewart foreclosure will be stricken from the First Amended Complaint.

Plaintiffs suggest that certain issues raised by this suit are issues of first impression in Maryland, which may be appropriate for certification to the Court of Appeals of Maryland pursuant to Md. Code, Cts. & Judic. Proc. § 12-601, *et seq.* *See* First Amended Compl., ¶ 152.10. No motion to certify is presently before the Court, but given the presence of what appear to be extensive and novel questions of Maryland law, the Court will not rule out the possibility that certification of certain questions of law may be appropriate at a future date.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion for Leave to File a First Amended Complaint will be granted in part and denied in part, and Defendants' Motion to Dismiss the Complaint and Plaintiffs' Motion to Supplement their Memorandum in Support of their Response to Defendants' Motion to Dismiss will be denied as moot.

August 23, 2011                          /s/
Date                                      Peter J. Messitte for Roger W. Titus
                                             United States District Judge