THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| MARJORIE STEWART, | ) | |
| ET. AL., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:10-cv-02822-RWT |
| | ) | |
| HOWARD BIERMAN, | ) | |
| ET AL., | ) | |
| | ) | |
|     Defendants. | | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS OF LAW TO THE MARYLAND COURT OF APPEALS AND MOTION TO STAY

Defendants Howard Norman Bierman, George Jacob Geesing, Carrie Michele Ward and Bierman, Geesing, Ward & Wood, LLC, in opposition to Plaintiffs' Motion to Certify Questions of Law to the Maryland Court of Appeals ("Plaintiffs' Motion to Certify"), state as follows:

### Introduction

As the Court will recall, this is a putative class action lawsuit wherein Plaintiffs allege that Defendants' delegation of authority to authorized agents to sign documents submitted in support of foreclosures in Maryland Circuit Courts amounts to actionable conduct. Plaintiffs initially filed their Complaint on October 13, 2010 (ECF No. 1). Thereafter, on January 6, 2011, Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) (ECF No. 10). The Court heard oral argument on Defendants' Motion to Dismiss on July 8, 2011, and took the matter *sub curia*. Shortly thereafter, Plaintiffs filed a Motion for Leave to File a First Amended Complaint (ECF No. 26), which was granted in part and denied in part by Order dated August 24, 2011 (ECF No.

30).[1]   On September 21, 2011, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 32).   The Court scheduled Defendants' Motion to Dismiss for oral argument on December 20, 2011.   On September 29, 2011, Plaintiffs filed a Motion to Certify Questions of Law to the Maryland Court of Appeals (ECF No. 35) and a Motion to Stay Pending Resolution of Questions of Law Certified to the Maryland Court of Appeals (ECF No. 36).

Plaintiffs seek certification of four questions to the Maryland Court of Appeals.  *See* Plaintiffs' Motion to Certify, pp. 1-2.  In so doing, Plaintiffs aver that, "[t]here is no logical or legal reason why the proposed questions of law should not be certified to the Court of Appeals."  *See* Plaintiffs' Memorandum in Support, p. 7 (ECF No. 35-1).  To the contrary, there are both logical and legal reasons why the Court should decline Plaintiffs' invitation to certify.  Put simply, the proposed questions do not present issues the response to which are **required** in order to dispose of either the single federal question or pendent state law claims (should the Court decide to reach those claims).[2]  Further, the questions do not present the type of novel and unguided propositions of state law which are the required predicate for certification.  *Boyter v. Commissioner*, 668 F.2d 1383, 1385 (4th Cir. 1981).  On the contrary, the request for certification is a dilatory tactic to delay the appropriate available final disposition of this case based on the pleaded facts and the existing federal and state law.

---

[1]   Plaintiffs' Motion was denied in part because the Court found that the proposed amendments relating to Plaintiff Marjorie Stewart's claims were futile because they were barred under the doctrine of *res judicata*. *See* Memorandum Opinion, p. 8 (ECF No. 29).

[2]   All of Plaintiffs proposed questions address issues of state law related to the pendent state law claims.  Should the Court dismiss the single federal claim under the FDCPA – an issue to be disposed of by application of federal law – it will have the option of either dismissing the pendent state law claims or resolving them based on considerations of judicial economy. *See e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); 28 U.S.C. § 1367.

As set forth in detail, *infra*, the Court should deny Plaintiffs' Motion to Certify as contrary to the principles of certification as established by federal courts throughout the country and deny Plaintiffs' Motion to Stay as moot.

<u>**Law and Argument**</u>

### I. THERE IS NO PROPER BASIS TO CERTIFY ANY OF PLAINTIFFS' PROPOSED QUESTIONS.

The entire legal and logical basis for holding up a federal court action to transfer specific questions to the highest state court is to obtain an answer to an issue that is (a) absolutely required to be answered to resolve the specific matter presented in the federal action, *Boyter v. Commissioner*, 668 F.2d at 1385 (4th Cir. 1981) ("Considerations of comity lead us to conclude that **we ought not to request the Maryland Court of Appeals to answer a question of law unless and until it appears that the answer is dispositive of the federal litigation or is a necessary and inescapable ruling in the course of the litigation**") and (b) not otherwise answerable by reference to existing state statutes, rules and case law. *See e.g.,* Md. Code Ann., CTS. & JUD. PROC. § 12-603 (2011) (The Maryland Uniform Certification of Questions of Law Act provides that the Maryland Court of Appeals may, "answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State"); *Simpson v. Duke Energy Corp.*, 1999 U.S. App. LEXIS 21553, at *9 (4th Cir. Sept. 8, 1999) (certification unnecessary where sufficient sources of state law exist to "render a reasoned and principled conclusion"); *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994)(Certification is proper, "**[o]nly if the available state law is clearly insufficient . . .**"). If these requirements are not met, then the certification process is a diversion and an unnecessary imposition on the proper and efficient functioning of both court systems.

3

In this case there is no basis in law or common sense to halt the federal judicial process –
commenced by the Plaintiffs[3] – and refer any of the questions suggested by Plaintiffs to the Maryland
Court of Appeals.  The simple fact is that none of the questions go to issues that are required or must
necessarily be resolved to dispose of the causes of action presented in this lawsuit.  While it is possible
that one or more questions raise issues that might be reached as one of a number of alternative basis for
the disposition of the case, in no instance do the questions present issues the response to which would
provide essential or mandated information required for such a disposition.  In that sense, the request for
a referral is unnecessary and dilatory.

Moreover, Plaintiffs have represented that the issues set forth in their proposed questions are,
"currently before both the Court of Special Appeals and the Court of Appeals."  Plaintiffs'
Memorandum in Support at pp. 5-6.  Where the issues proposed to be certified are already working their
way through the state court judicial process, based on full and complete factual records, there is no basis
to leapfrog that process by presenting some abbreviated version of those issues to the highest state court
in a "certified question" format, without the benefit of any developed lower court record.  *See e.g.*,
*Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 656-57 (5th Cir. 2002)
("[W]e decline the invitation to certify the question in this instance. **The UPLC and several insurance**
**companies are currently litigating this state law question in two Texas district courts.  We believe**
**that the Supreme Court of Texas would be better suited to answer this question with the benefit of**
**records generated in state court by several insurance companies than it would be by receiving a**

---

3       Where Plaintiffs choose the federal forum in their home state for resolution of their
dispute, a request for certification to the state court should not be readily permitted.  *See* § IV, *infra* at
pp. 16-17.

**certified question from one insurer with a relatively limited record on appeal.** We therefore deny Nationwide's motion to certify its question to the Supreme Court of Texas") (emphasis added).

## II.   ALL CLAIMS IN THE LAWSUIT CAN BE DISPOSED OF WITHOUT REACHING THE QUESTIONS SOUGHT TO BE CERTIFIED.

This case raises only one federal cause of action – a claim under the FDCPA. Attached to that claim are four pendent state law claims. Upon disposition of the federal claim, the Court can either choose, as it would in the normal course, to dismiss the pendent state law claims without prejudice pursuant to 28 U.S.C. § 1367, or it can opt in the interest of judicial economy to decide the pendent state issues which can be disposed of as a matter of the clear application of state law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Certainly as to the sole federal cause of action, no referral to Maryland Court of Appeals is required to determine any dispositive issue of law. As to the pendent state claims as well, the disposition of those claims can be reached by the application of state law that is already sufficiently articulated or discernable as to make wholly inappropriate the extraordinary measure of a referral to the highest state court. *See* 17A Wright, Miller, Cooper & Amar, *Federal Practice & Procedure: Jurisdiction* 3d § 4248, p. 503 (2007) ("The most important [factors to be considered for certification] are the closeness of the question and the existence of sufficient sources of state law – statutes, judicial decisions, attorney general opinion's – to allow a principled rather than conjectural conclusion"); *see also Simpson v. Duke Energy Corp.*, 1999 U.S. App. LEXIS 21553, at *9 (4th Cir. Sept. 8, 1999) (certification unnecessary where sufficient sources of state law exist to "render a reasoned and principled conclusion"). If there is no case law directly on point from the forum state, the district court attempts to do as the state court would if confronted with the same fact pattern. *Roe v. Doe*, 28 F.3d at 407. **"Only if the available state law is clearly insufficient should the court certify the issue to the state court."** *Id. citing Smith v. FCX, Inc.*, 744 F.2d 1378, 1379 (4th Cir. 1984), *cert.*

*denied*, 471 U.S. 1103, 85 L. Ed. 2d 848, 105 S. Ct. 2330 (1985) (emphasis added).  Indeed, the Fourth

Circuit has repeatedly reiterated this standard.  *See e.g., Enfield Equip. Co. v. John Deere Co.*, 2000 U.S.

App. LEXIS 17424, at *13, n.5 (4th Cir. July 19, 2000); *GE Capital Corp. v. Renew*, 122 Fed. Appx.

604, 608 (4th Cir. 2004); *McKinnon v. Lincoln Benefit Life Co.*, 162 Fed. Appx. 223, 226 (4th Cir.

2006); *Allen v. Choice Hotels Int'l*, 276 Fed. Appx. 339, 341 (4th Cir. 2008); *Stafford EMS, Inc. v. J. B.

Hunt Transp., Inc.*, 376 Fed. Appx. 317, 320 (4th Cir. 2010); *New v. Astrue*, 374 Fed. Appx. 416, 421

(4th Cir. 2010).

## A.    The FDCPA claim can be disposed of by the application of federal law.

The sole federal cause of action in this case is under the FDCPA.  Whether this claim states a

cause of action under the facts of this case is governed by federal law.  *Bradshaw v. Hilco Receivables,

LLC*, 765 F. Supp. 2d 719, 724 (D. Md. 2011) ("This Court has jurisdiction over this matter pursuant to

15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because Plaintiffs' claims constitute a federal question

arising under the FDCPA").  The pending Motion to Dismiss raises issues that are dispositive of the

FDCPA claim and are **wholly unrelated** to any question that could or would be resolved by the

Maryland Court of Appeals.  For instance:

1. Is the claim brought by the remaining Plaintiffs – Lembachs and Nachbar – a justiciable claim under federal law?  There is no actual, present antagonistic position between these plaintiffs and defendants.  There is no pending case or controversy to be resolved.  *See* Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, pp. 8-10.

2. Do the actions of the Defendants constitute "debt collection" activities under the FDCPA?  If they do not, then that issue alone is dispositive of the FDCPA claim.  *Id.* at pp. 11-14.

3. Does the alleged "false and deceptive" act by Defendants related to the method of applying signatures to foreclosure documents, constitute a "material" act under the FDCPA?  If it is not "material" then no cause of action is stated.  *Id.* at pp. 15-19.

6

All of these questions are, by themselves and in any combination, dispositive of the FDCPA claim. None of them require any certification. By contrast, the questions sought to be certified, among other problems, will not provide the Court with any information that is required to dispose of the FDCPA claim. Or, put another way, without certification of the proposed questions, the Court will be at absolutely no disadvantage in its ability to fully address and dispose of the federal cause of action on the basis of the facts and the challenges raised.

**B.     Pendent State claims.**

The remaining claims in the suit are all pendent state law claims. All of the proposed certified questions purport to address issues related to these claims. As noted, however, it is not at all clear that the Court would even determine to retain jurisdiction over the state law claims should it dismiss the sole federal court claim. *See* 28 U.S.C. § 1367. Therefore any certification of issues related solely to state law claims would seem premature at best.

Beyond that, however, certification of the state law questions that the Plaintiffs have proffered suffer from the same deficiencies as argued above. That is, none of the questions present issues the answers to which are **required** or necessary for the legal disposition of the specific state law cause of action in issue. Each state law claim can be disposed of based on the application of one or more principles of existing, expounded state law.

**1.  Plaintiffs' claims under the Maryland Consumer Protection Act ("MCPA").**

Under the facts presented in this case, whether a cause of action is stated under the MCPA does not require any new statement of law by the Maryland Court of Appeals. Rather the issue is disposed of by existing principles related to both materiality and damages of ready applicability by a federal court.

7

The MCPA requires a showing of actual damages and actual loss "sustained as a result of the prohibited practice." *Willis v. Countrywide Home Loans Servicing, L.P.*, 2009 U.S. Dist. LEXIS 120010, at *17 (D. Md. Dec. 23, 2009). In this case there is no such pleading and no such showing is possible inasmuch as the Plaintiffs were admittedly in default on their loans at all times and thus subject to a foreclosure remedy. Where no foreclosure has ever occurred and the status quo ante is in effect, no cognizable damages are or can be pleaded. *Thompson v. Countrywide Home Loans Servicing, L.P.*, 2010 U.S. Dist. LEXIS 41762, at *8 (D. Md. Apr. 27, 2010).

Similarly, an alleged deceptive act must be material in the sense that it would cause reasonable reliance by a debtor. *Hayes v. Hambruch*, 841 F. Supp. 706, 713 (D. Md. 1994) *aff'd* 64 F.3d 657 (4th Cir. 1995). ("A statement or omission is considered 'material' under the CPA if 'a significant number of unsophisticated consumers would attach importance to the information in determining a choice of action.'") (internal citations omitted). Again, this does not require further explication by the unusual expedient of a referral to the Maryland Court of Appeals.

## 2. Plaintiffs' claims under the Maryland Consumer Debt Collection Act ("MCDCA").

The MCDCA prohibits collection of a debt "with knowledge that the right does not exist". Md. Code, COM. LAW, § 14-202(8). In this case, the right to initiate the foreclosure action did exist because the debtor was in default. Plaintiffs do not contend that any of their proposed questions would be dispositive of this claim. Moreover, the statute is clear on its face and can be readily applied by this Court.

Within the past year, this Court has dismissed claims under the MCDCA, with no certification to Maryland state courts, based on the simple fact plaintiffs' failed to adequately plead the "knowledge" requirement under Md. Code, COM. LAW, § 14-202(8) where the plaintiff (debtor) was in a state of

default at the time the foreclosure was initiated – regardless of any procedural defects that may have occurred in the foreclosure proceeding. *See e.g., Allen v. Bank of Am. Corp.*, 2011 U.S. Dist. LEXIS 92383 (D. Md. Aug. 18, 2011). Similarly in this case, the plaintiffs admitted preexisting state of default nullifies any claim under the MCDCA relative to the initiation of the foreclosure proceeding and disposition of the claim does not require certification of any question

### 3. Plaintiffs' claims under Md. REAL PROPERTY Code Ann. §§ 7-105.1 and 7-105.2.

Plaintiffs' cause of action for wrongful foreclosure is wholly derivative of Maryland statute, Md. REAL PROPERTY Code Ann. §§ 7-105.1 and 7-105.2. The statute speaks in plain language of its intent and scope. It does not provide any cause of action for anyone who has not been the subject of a foreclosure unless and until there has been a final ratification of a foreclosure sale. *See* Md. REAL PROPERTY Code Ann. §§ 7-105.1(o) and 7-105.2(e). Plaintiffs here have never been and are not in such a position and thus have no standing to bring a claim under the Maryland foreclosure statute. In sum, there is no issue that certification would assist this Court in determining whether Plaintiffs have a viable claim under the foregoing statutory provisions.

### 4. Plaintiffs' cause of action for negligence.

This is plain, common law claim which is analyzed based on plain common law principles of duty, breach of duty, proximate causation and damages. None of the questions presented illuminate any issue that is required to effectuate this analysis under the facts of this case.

### III. ASSUMING *ARGUENDO*, THE QUESTIONS PRESENTED NEEDED TO BE ANSWERED, THERE IS MORE THAN AMPLE AVAILABLE GUIDANCE FROM EXISTING MARYLAND LAW TO ANSWER THEM.

Certification is not granted because any and every imaginable question has not received specific treatment from a state high court. *Roe v. Doe*, 28 F.3d at 407 ("**Only if the available state law is**

**clearly insufficient should the court certify the issue to the state court**"). Indeed, "this District has routinely resolved questions of first impression." *Hafford v. Equity One, Inc.*, 2008 U.S. Dist. LEXIS 31964, at *15 (D. Md. Mar. 31, 2008).[4] In this case, it is clear the questions raised are not necessary to the disposition of the case at hand, but assuming, *arguendo*, that they were, the existing body of state law - as expressed in case law, statutes and court rules - provide more than ample guidance to a federal court as to the existing status and expected trajectory of state law.

A.   **Question 1 - Are the acts of trustees, who are also attorneys, exempt from liability under the Maryland Consumer Protection Act, Com. Law, § 13-101, et seq. if such acts are illegal, fraudulent, unfair, unconscionable, or deceptive?**

Plaintiffs argue that the exception Md. Code Ann., COM. LAW, § 13-104(1) for professional services performed by lawyers is inapplicable to Defendants because, "[t]here is no requirement that trustees or substitute trustees under deeds of trust be attorneys. The Plaintiffs assert that the improper or fraudulent conduct of trustee is actionable regardless of whether the trustee happens to be an attorney." *See* Plaintiffs' Memorandum in Support, p. 11.

The question proffered by Plaintiffs is inappropriate for certification to the Maryland Court of Appeals. To begin with, the question need not necessarily be reached as Plaintiffs fail to state a claim under the MCPA based on the failure to sufficiently plead the fundamental  required elements of materiality and individual, proximately caused damages. *See* Motion to Dismiss at pp. 36-39.

---

    4      By way of example, the United States District Court for the District of Maryland has decided questions of first impression in *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514 (D. Md. 1998) (determining as a matter of first impression the standard for good cause as set forth in Md. Rule 2-507); *Zachair, Ltd. V. Driggs*, 965 F. Supp. 741, 752 (D. Md. 1997) (interpreting scope of Md. Rule of Professional Conduct 4.2 as a matter of first impression in Maryland); *Davison v. Sinai Hosp. of Baltimore, Inc.*, 462 F. Supp. 778, 779 (D. Md. 1978) (deciding question of first impression under Maryland statute -- the Maryland Health Care Malpractice Act); *Hafford v. Equity One, Inc.*, 2008 U.S. Dist. LEXIS 31964, at *15, n.8 (D. Md. Mar. 31, 2008).

Even focusing on the exemption, however, the law is not so unknown or unclear or novel in application as to warrant certification. The gravamen of Plaintiffs' First Amended Complaint is that Defendants are civilly liable by reason of allowing authorized and approved agents sign and notarize Defendants' names to specific documents filed in state circuit courts in support of foreclosure proceedings.   Plaintiffs' "spin" notwithstanding, the alleged actionable conduct involves conduct of attorneys filing judicially required foreclosure papers in Maryland state courts and the manner by which those papers were executed by those attorneys who also served as substitute trustees.   To the extent there is any relevance to the fact that the Defendants were both attorneys and trustees, this "dual role" fact pattern hardly presents a new or novel issue to this Court and there is ample authority for this Court to reach, "a principled rather than conjectural conclusion."  17A Wright, Miller, Cooper & Amar, *Federal Practice & Procedure: Jurisdiction* 3d § 4248, p. 503 (2007).

To begin with, the exemption itself contained in Md. Code Ann., COM. LAW, § 13-104(1) is clear on its face and provides that the MCPA does not apply to attorneys, as well as other enumerated professionals.  Beyond that, this Court has previously examined and ruled on this very exemption in the context of a claim of its inapplicability to a professional acting "outside" of the scope of his professional duties.  In *Robinson v. Fountainhead Title Group Corp.*, 447 F. Supp. 2d 478 (D. Md. 2006), the Court analyzed the applicability of the exemption in the context of the alleged *ultra vires* conduct of a real estate broker – another *prima facie* exempt professional.   Plaintiff argued that the exception contained in Md. Code Ann., COM. LAW, § 13-104, "does not apply when the listed professionals are acting outside the scope of their professional capacity." *Id.* at 490.  Plaintiff maintained that, "she did not sue Long & Foster because of its activities as a realtor, but because it worked in conjunction with the other defendants to establish the sham company-Assurance Title." *Id.*   The Court found this argument

unpersuasive, holding, "plaintiff's allegations, nonetheless, concern the 'professional services' of defendants, and this claim will be dismissed." *Id.*   While the Court may, of course, reach a different conclusion in this case than it did in *Robinson,* clearly, the issue is not one as to which this Court has determined available state law to be "clearly insufficient." *Roe v. Doe,* 28 F.3d at 407.   Accordingly, the Court should deny Plaintiffs' request to certify their first proposed question of law.

>B.      **Question 2 - Does Maryland law allow the application of the doctrine of offensive non-mutual collateral estoppel against a party who participated in a prior circuit court action that resulted in a non-appealed order that found certain acts of that party improper?**

Plaintiffs' proposed second question of law demonstrates a fundamental misunderstanding of the basic doctrine of collateral estoppel.   It is axiomatic that collateral estoppel applies only to a final judgment on the merits and both state appellate decisions and this Court have repeatedly held that a final judgment on the merits is a necessary element in the four-part conjunctive test to apply the doctrine of collateral estoppel. *See e.g., Colandrea v. Wilde Lake Community Ass'n,* 361 Md. 371, 391 (2000); *Brown v. Mayor & City Council,* 167 Md. App. 306, 320 (2006); *Forkwar v. Empire Fire & Marine Ins. Co.,* 2010 U.S. Dist. LEXIS 98108, at *34 (D. Md. Sept. 20, 2010).[5]

In this case, Plaintiffs have asked this Court to apply the doctrine of offensive, non-mutual collateral estoppel based on the dismissal, **without prejudice**, of a foreclosure action filed in a Maryland state court by the instant Defendants on the basis that the form of the affidavits filed in support of the

---

[5]      "Whether **offensive or defensive**, an application of **non-mutual collateral estoppel** must pass a four-part test: '1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?   2. **Was there a final judgment on the merits?**   3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?   4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?" *Culver v. Md. Ins. Comm'r,* 175 Md. App. 645, 657 (2007) *citing Leeds Fed. Sav. & Loan Ass'n v. Metcalf,* 332 Md. 107, 118, 630 A.2d 245 (1993) (*quoting Washington Suburban Sanitary Comm'n v. TKU Assocs.,* 281 Md. 1, 18-19, 376 A.2d 505 (1977)) (emphasis added).

foreclosure in that court was inappropriate. *See Geesing v. Willson*, Circuit Court for Howard County, Case No. 13-C-10-82594, Official Transcript of Proceedings, November 30, 2010, pp. 9-10, attached hereto as **Ex. A.** Of note, the state court explicitly stated that its holding was intended to impact only the matter before it, "I'm not addressing any case other than the one that is before me and I'm going to grant the motion to dismiss **without prejudice.**" *Id.* at 10.[6]

The Maryland Court of Appeals has unambiguously stated that **a dismissal without prejudice is not a judgment on the merits.** *Moore v. Pomoroy*, 329 Md. 428, 432 (1993) ("The effect of the designation 'without prejudice' is simply that **there is no adjudication on the merits** and that, therefore, a new suit on the same cause of action is not barred by principles of *res judicata*"). It necessarily follows that without a final judgment on the merits there can be no collateral estoppel – offensive, defensive or otherwise. Consequently, certification of Plaintiffs' second proposed question is inappropriate because the answer would not be "determinative of an issue in pending litigation." *See* Md. Code Ann., CTS. & JUD. PROC., § 12-603 (2011). **The issue is not determinative because the doctrine of collateral estoppel is wholly inapplicable in the absence of a final judgment on the merits** and the Maryland Court of Appeals has already answered this proposed question. *See Moore v. Pomoroy, supra.* Accordingly, the Court should deny Plaintiffs' request to certify their second proposed question of law.

---

[6]     Conspicuously absent from Plaintiffs' Memorandum addressing this decision   is any mention to this court that the Order on which Plaintiffs base their argument and ask for certification of a question, was an Order of dismissal without prejudice and **thus not a judgment on the merits.**

C.    **Question 3 - Under Maryland law, is it unconscionable, unfair or deceptive to file a foreclosure action by submitting a falsely executed order to docket and/or falsely executed affidavits and other papers?**

The third question proffered by Plaintiffs for certification essentially boils down to the propriety of Defendants' previous method of utilizing authorized agents to sign documents in support of state foreclosure proceedings.

First, this issue – although obviously one that that Plaintiff desires to continue to pursue – is in no way central to the legal disposition of the case. The primary legal question is whether such conduct, assuming signatures of the trustees were affixed by others with authority to do so, **could possibly be a material fact as it relates to the debtor.** If not, there is no legal cause of action. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992) (it is for the Court to rule on the issue of whether the action of a debt collector is deceptive to the least sophisticated consumer as a matter of law).

Beyond that, assuming *arguendo* that the proposed question needs to be answered, the answer to this proposed question can be discerned from consulting the Maryland Rules. Maryland Rule 1-311 provides that, "[e]very pleading and paper of a party represented by an attorney shall be signed by at least one attorney . . ." Aside from the adjectives Plaintiffs place in the predicate of their question, there is clear authority that only an attorney licensed in Maryland may file pleadings and papers with the court. With respect to the "unconscionable, unfair or deceptive" portion of Plaintiffs' question, it is somewhat obvious that Plaintiffs are asking the Maryland Court of Appeals to define "unfair or unconscionable" in the context of their FDCPA claim under 15 U.S.C. § 1692f. However, the same dispositive "materiality" requirement applies to § 1692f and renders the proposed question unnecessary and non-dispositive. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("We agree with the approach adopted by the Sixth and Seventh Circuits. We have consistently held that

whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.' **We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."**) (citations omitted)

Beyond that, the federal statute itself provides a non-exhaustive list of conduct that violates the section and which provides a good basis for analysis of specific cases that arise. Finally, to the extent state law is relevant, both the current state of Maryland law and its trajectory can be reasonably understood based on the guidance provided by the numerous prior cases that have already undertaken to define "unconscionable" in a variety of contexts. *See e.g., Karmand v. Karmand*, 145 Md. App. 317, 338-39 (2002) (in the context of indefinite alimony, "unconscionable" means "affronting the sense of justice, decency" or "unreasonable far beyond what is considered reasonable"); *Walther v. Sovereign Bank*, 386 Md. 412, 426 (2005) (in the context of contracts, "unconscionable" is characterized by "extreme unfairness"). Accordingly, to the extent state law is the guide, there is ample Maryland case law for this Court to consider in determining whether Defendants' conduct was "unconscionable" for purposes of 15 U.S.C. § 1692f – the available Maryland case law is not, "clearly insufficient." *Roe v. Doe*, 28 F.3d at 407.

> **D.     Question 4 - Under Maryland law, does an affidavit asserted to be under oath, subject to the penalties of perjury and upon personal knowledge have to be personally executed by the affiant when the affiant has no physical limitations that would preclude the affiant from personally executing his or her signature?**

It is unclear what specific legal issue would be advanced by certification of Plaintiffs' fourth question. Assuming, however, that an answer to the question is needed, consulting the Maryland Rules provides the answer. Maryland Rule 1-304 provides the form of an affidavit and Maryland Rule 14-

207.1, which was adopted by the Maryland Court of Appeals on October 20, 2010, in response to the precise issues raised by Plaintiffs' in this matter, specifically provides for court screening of affidavits and other papers filed with circuit courts in support of foreclosures.  Based on the foregoing Rules, it is clear that the Court of Appeals would answer Plaintiffs' fourth question affirmatively.  Certification is not required for that.  The certification process was established to resolve novel, unclear issues of state law.  *See* 17A Wright, Miller, Cooper & Amar, Federal Practice & Procedure: Jurisdiction 3d § 4248, p. 484, n.4 (2007).  Simply providing Plaintiffs with an opportunity to have the Maryland Court of Appeals opine that it disagrees with a signature process that Defendants no longer employ, have acted to correct in every state court that has required it and which has been addressed by a specific Maryland Court Rule, may provide some satisfaction to plaintiffs but it will not advance any legal issue in this case and is an inappropriate and wholly advisory use of the certification process.

## IV.   CERTIFICATION IS INAPPROPRIATE IN THIS CASE BECAUSE PLAINTIFFS CHOSE TO BRING SUIT IN THIS FORUM.

Finally, it should be noted that Plaintiffs chose to bring their lawsuit in the U.S. District Court for the District of Maryland.  Where a party choses to pursue their claims in federal court, it is especially inappropriate to seek certification to the high court of the state in which the federal court sits.  See, *Simpson v. Duke Energy Corp.*, 1999 U.S. App. LEXIS 21553, at *8 (4th Cir. Sept. 8, 1999) ("We are especially hesitant to overrule the district court's decision denying certification where the party seeking certification is the same party that sought federal jurisdiction in the first place and, by extension, federal interpretation of state law."); *see also National Bank of Washington v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) ("Certification would be inappropriate here, however, because Pearson himself removed this case from Maryland state court after the Maryland judge decided the question against him.  If Pearson had wanted the Maryland Court of Appeals to rule on the matter, he should not have removed the action

to federal court"); *Powell v. United States Fid. & Guar. Co.*, 88 F.3d 271, 273 (4th Cir. 1996) ("In the light of the fact that the Powells initially filed suit in a state court but took a nonsuit, and the clear state of the law in every other jurisdiction that has addressed the issue, we see no need to certify this question to the Supreme Court of Virginia").

Here, Plaintiffs elected to bring their claims in the U.S. District Court for the District of Maryland.  Moreover, each of the Plaintiffs were defendants in a state foreclosure proceeding.  They could have brought their lawsuit in state court.  Alternatively, the could have litigated the issues in which they seek guidance from the Maryland Court of Appeals in the state foreclosure proceedings initiated against them, either as defenses to the foreclosure actions or in a counterclaim.  Having elected to bring their lawsuit in federal court they are obliged to be bound by the federal interpretation of state law.  Accordingly, Plaintiffs' Motion to Certify should be denied.

## Conclusion

Plaintiffs have failed to demonstrate that the, "available state law is clearly insufficient," which is a prerequisite for certification in the Fourth Circuit. *See Roe v. Doe*, 28 F.3d at 407.  Moreover, Plaintiffs proposed questions are not completely dispositive and are currently being addressed by Maryland appellate courts.  Finally, Plaintiffs sought federal jurisdiction and opted for a federal interpretation of Maryland law.  Each of these separate and independent bases is sufficient for the Court to deny Plaintiffs' Motion to Certify; however, taken together, these arguments provide a wealth of authority against certification.  Accordingly, Plaintiffs' Motion to Certify should be denied in its entirety and Plaintiff's Motion to Stay should be denied as moot.

Dated: October 11, 2011              Respectfully submitted,


SANDS ANDERSON PC


s/ J. Jonathan Schraub
J. Jonathan Schraub (jjschraub@sandsanderson.com)
Bar No. 02708
Brian A. Scotti (bscotti@sandsanderson.com)
Bar No. 18249
Sands Anderson PC
1497 Chain Bridge Road
Suite 202
McLean, VA  22101
(703) 893-3600
(703) 893-8484 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I served the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS OF LAW TO THE MARYLAND COURT OF APPEALS AND MOTION TO STAY upon the following via the Court's ECF System:

Gerald Solomon
Solomon & Bascietto, LLC
9857 Majestic Drive
Boynton Beach, FL 33437
Email: jerry@saveyourdream.us

John J. Bascietto
Solomon & Bascietto, LLC
4741 Sellman Road
Beltsville, MD 20705
Email: johnbaslaw@gmail.com

Scott C. Borison
5500 Buckeystown Pike
Frederick, MD 21703
Email: borison@legglaw.com

Michael Gregg Morin
124 South Street
Suite 3
Annapolis, MD 15399
Email: mikemorin.morinlaw@gmail.com

**Counsel for Plaintiffs**

s/ J. Jonathan Schraub
J. Jonathan Schraub (jjschraub@sandsanderson.com)
Bar No. 02708
Brian A. Scotti (bscotti@sandsanderson.com)
Bar No. 18249
Sands Anderson PC
1497 Chain Bridge Road
Suite 202
McLean, VA 22101
(703) 893-3600
(703) 893-8484 (facsimile)
**Counsel for Defendants**