THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| MARJORIE STEWART, ET. AL., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    Case No. 8:10-cv-02822-RWT ) |
| HOWARD BIERMAN, ET AL., | ) ) ) ) |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT OPPOSITION TO MOTION TO DISMISS BASED ON RECENT AUTHORITY**

Defendants Howard Norman Bierman, George Jacob Geesing, Carrie Michele Ward and BWW Law Group, LLC, in opposition to Plaintiffs' Motion to Supplement Opposition to Motion to Dismiss Based on Recent Authority (ECF No. 55), state as follows:

### Introduction

Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 32), Plaintiffs' Motion to Certify Questions of Law to the Maryland Court of Appeals (ECF No. 35), and Plaintiffs' Motion to Stay the Case (ECF No. 36) are currently scheduled for oral argument on February 8, 2012. All motions have been fully briefed and are ripe for oral argument.

Plaintiffs have filed a Motion to Supplement Opposition to Motion to Dismiss Based on Recent Authority (ECF No. 55), purporting to identify new pertinent authority. However, the case cited by Plaintiffs, *Rawlinson v. Law Office of William M. Rudow, LLC*, 2012 U.S. App. LEXIS 173 (4th Cir. Jan. 5, 2012), adds no new controlling law for the Court to consider and, in fact, add nothing new at all

by way of apposite case law.[1] For the reasons set forth below, the Court should deny Plaintiffs' Motion to Supplement their Opposition to Defendants' Motion to Dismiss the First Amended Complaint.

## Law and Argument

A. *Rawlinson v. Law Office of William M. Rudow, LLC* **does not expand the existing precedent regarding whether attorneys, solely enforcing a security interest in real property, can be considered "debt collectors" as defined in the FDCPA.**

Plaintiffs identify the Fourth Circuit's recent decision in *Rawlinson v. Law Office of William M. Rudow, LLC*, 2012 U.S. App. LEXIS 173 (4th Cir. Jan. 5, 2012) as relevant, new authority that purportedly supports their argument that Defendants should be considered "debt collectors" as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs maintain that this decision is relevant because it addresses the Fourth Circuit's prior decision, *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006). *See* ECF No. 55, p. 1. While *Rawlinson* certainly discusses the Fourth Circuit's opinion in *Wilson v. Draper & Goldberg, P.L.L.C.*, it does not expand the holding or add anything new and different to the analysis to determine whether a substitute trustee/attorney, acting solely to foreclose on secured collateral, is a "debt collector" under the

---

[1]   As the Court will recall, Plaintiffs moved to supplement their Opposition to Defendants' Motion to Dismiss the original complaint. *See* Plaintiffs' Motion to Allow Plaintiffs' (sic) to Supplement their Memorandum in Support of their Response to the Defendants' Motion to Dismiss (ECF No. 19). The Court denied their motion as moot. *See* Order dated August 23, 2011 (ECF No. 30). Of note, Plaintiffs identified *Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464 (E.D. Va. 2011), to support the proposition that attorneys acting as substitute trustees in foreclosure proceedings **can be** "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA"). Much like *Goodrow*, *Rawlinson* adds nothing to the analysis of whether Defendants acted as "debt collectors" under the FDCPA in the instant matter.

FDCPA. As such, the Court should not consider the *Rawlinson* opinion in its determination as to whether Plaintiffs have articulated a cognizable claim under the FDCPA.[2]

*Rawlinson* arose from a default on a car loan. *Rawlinson v. Law Office of William M. Rudow, LLC*, 2012 U.S. App. LEXIS 173, at *1 (4th Cir. Jan. 5, 2012).[3] The defendant law firm filed a replevin action, seeking **both** possession of the vehicle **and money damages**. *Id.* at *4. The Court ultimately concluded that, "[u]nder *Wilson*, pursuing a replevin action to seek recovery of the vehicle and monetary damages – rather than only seeking direct payment of the loan – constitutes an effort to collect the 'debt' under the FDCPA." *Id.* at *5. Indeed, the Court noted that, "**the replevin action seeks monetary damages in addition to possession of the vehicle. This request for damages, in and of itself, may constitute an allegation of an 'obligation to pay money' within the FDCPA's definition of 'debt.'**" *Id.* at *6, n.3 (emphasis added).[4] Thus, rather than being pertinent or apposite (much less new) authority for our case, *Rawlinson* is really the **obverse** of this case as it combines pure debt collection activity, on which the court relies (and which does not exist in this case), with the issue that remains open from *Wilson*, which is what type of law firm activity may fall outside the "ambit of

---

[2] Of course, whether Defendants' conduct fits within the statutory definition of "debt collector" is but one of many arguments Defendants have raised in their Motion to Dismiss the First Amended Complaint (ECF No. 32) with respect to Plaintiffs' FDCPA claims. Defendants have also contested Plaintiffs' FDCPA claims on other grounds, including materiality and the statute of limitations.

[3] Rawlinson was not the debtor; her nephew, Moore, defaulted on the car loan and a replevin action was initiated by the Rudow firm on behalf of creditor, WFS Financial, Inc., against both Rawlinson and Moore, alleging that, "Moore and/or Rawlinson possessed the vehicle." *Id.* at *2. That portion of the Fourth Circuit's opinion dealing with whether Rawlinson was an appropriate party and was able to assert a claim under the FDCPA insofar as the "debt" was Moore's is not pertinent to the case at bar. *Id.* at **8-11.

[4] Of note, Rudow Law did not argue that it fell outside the statutory definition of "debt collector." *Id.* at *4, n.2.

the act." *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 379 (4th Cir. 2006) ("[o]ur decision is not intended to bring every law firm engaging in foreclosure proceedings under the ambit of the Act."); *Moore v. Commonwealth Trustees, LLC*, 2010 U.S. Dist. LEXIS 113724 at **8-9 (E.D. Va. Oct. 25, 2010) ("The Fourth Circuit did not hold that all foreclosure trustees *are* debt collectors as defined by the FDCPA") (emphasis in the original).[5]

*Rawlinson*, for its part, merely reiterates the Fourth Circuit's holding in *Wilson* and applies it to the particular facts of the case – it does not expand the holding or add anything new and different to the analysis to determine whether a substitute trustee/attorney, acting solely to foreclose on secured collateral, is acting as a "debt collector" under the FDCPA. Therefore, whether an attorney/trustee is a "debt collector" as defined by the FDCPA is a fact-specific inquiry. The Fourth Circuit's opinion in *Wilson* so held and there is nothing in the opinion in *Rawlinson* that suggests otherwise. Thus, although Defendants may act as debt collectors in many cases, the question is whether as a matter of law they act in that capacity in a case such as this where they seek **solely** to enforce a security interest in real property. *See* Am. Compl., ¶¶ 90, 104, 122 and 134.

---

[5] In fact, recent decisions within the Fourth Circuit, as well as outside the Circuit, have held that attorneys **seeking solely to foreclose solely on security interests**, do not meet the statutory definition of "debt collectors." *See e.g., Blagogee v. Equity Trustees, LLC*, 2010 U.S. Dist. LEXIS 114233, at **14-16 (E.D. Va. July 26, 2010) and *Moore v. Commonwealth Trustees, LLC*, 2010 U.S. Dist. LEXIS 113724, at **8-9 (E.D. Va. Oct. 25, 2010); *but see Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464 (E.D. Va. 2011).

Additionally, a recent decision from the Southern District of Florida observed that the legislative history of the FDCPA did not contemplate attorneys, acting as attorneys, to be considered "debt collectors" under the FDCPA. *Eke v. Firstbank Fla.*, 779 F. Supp. 2d 1354, 1358 (S.D. Fla. 2011) ("**At the outset, the Court notes that the legislative history of the FDCPA, The Congressional Report on the FDCPA, indicates that the term "debt collector" is not intended to include...attorneys-at-law while acting in that capacity.** S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698.").

In this case, Plaintiffs have failed to sufficiently allege Defendants are "debt collectors" under the FDCPA; there are no allegations that Defendants have engaged in any of the activity described in *Wilson* or *Rawlinson*, such as attempting to collect money on a debt. To the contrary, the specific allegations of the First Amended Complaint are **solely** that Defendants acted in their capacity as substitute trustees. *See* Am. Compl., ¶ 26. Thus, the facts of this case align it more closely with the holdings of other recent Eastern District of Virginia cases (and cases from other jurisdictions) that have addressed this issue. *See e.g., Blagogee v. Equity Trustees, LLC* 2010 U.S. Dist. LEXIS 114233, at \*\*14-16 (E.D. Va. July 16, 2010); *Moore v. Commonwealth Trustees, LLC*, 2010 U.S. Dist. LEXIS 113724, at \*\*8-9 (E.D. Va. Oct. 25, 2010) ("foreclosing on property is not a debt collection activity");[6] *Bolouri v. Bank of America*, 2010 U.S. Dist. LEXIS 87170, at \*\*16-17 (E.D. Va. Aug. 24, 2010) (*citing Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458 (11th Cir. 2009) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA. . .")); *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010) ("This District recently emphasized that "[m]ortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA"); *Horvath v. Bank of N.Y., N.A.*, 2010 U.S. Dist. LEXIS 19965, at \*9 (E.D. Va. Jan. 29, 2010) (citing 15 U.S.C. § 1692a(6)(F)(i)) ("[t]he term [debt collector] does not include **any person** collecting or attempting to collect any debt owed or due or asserted to be

---

[6] *Moore* cited and followed *Stamper v. Wilson & Assocs., P.L.L.C.*, 2010 U.S. Dist. LEXIS 31770 (E.D. Tenn. Mar. 31, 2010), which was a suit against law firm engaged in a mortgage foreclosure. *Moore* also relied upon *Hulse v. Owen Federal Bank*, 195 F. Supp. 2d 1188 (D. Or. 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.").

owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement") (emphasis added).

## Conclusion

*Rawlinson* does not examine whether an attorney seeking solely to foreclose on security interests meets the statutory definition of "debt collector" under the FDCPA. Accordingly, since the authority cited in Plaintiffs' Motion to Supplement Opposition to Motion to Dismiss (ECF No. 55) adds no new authority, the Court should deny the motion.

Dated: January 18, 2012                    Respectfully submitted,


                                           SANDS ANDERSON PC

                                           s/ J. Jonathan Schraub
                                           J. Jonathan Schraub (jjschraub@sandsanderson.com)
                                           Bar No. 02708
                                           Brian A. Scotti (bscotti@sandsanderson.com)
                                           Bar No. 18249
                                           Sands Anderson PC
                                           1497 Chain Bridge Road
                                           Suite 202
                                           McLean, VA  22101
                                           (703) 893-3600
                                           (703) 893-8484 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2012, I served the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT OPPOSITION TO MOTION TO DISMISS BASED ON RECENT AUTHORITY upon counsel for the parties that have appeared in the case via the Court's ECF System.

s/ J. Jonathan Schraub
J. Jonathan Schraub (jjschraub@sandsanderson.com)
Bar No. 02708