**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**(GREENBELT DIVISION)**

| | |
|---|---|
| **MARJORIE STEWART**, *ET AL.* | Civil Case Number: |
| Plaintiffs | |
| *v.* | **8:10-CV-02822-RWT** |
| **HOWARD NORMAN BIERMAN**, *ET AL.* | |
| Defendants | |

**PLAINTIFFS' MOTION TO SUPPLEMENT THE AUTHORITIES RELATED TO THE**

**PENDING MATTERS TO INCLUDE THE COURT OF APPEALS' DECISION IN**

***D'AOUST V. DIAMOND*, 5 SEPT.TERM 2011, 2012 WL 264574**

**(Md. Jan. 31, 2012)**

In their motion to dismiss, the Defendants have argued that they are entitled to qualified immunity in their role as substitute trustees. *See* Doc. 32-1, Mem. In Sup. of Mot. To Dis. at Pages 41 to 44. Defendants relied on a decision by the Maryland Court of Special Appeals in *D'Aoust v. Diamond*, 197 Md. App. 195 (2010). The Court of Appeals granted a writ of certiorari in that case. Consistent with its recent recognition that Maryland foreclosure law has changed since 2008 (and before) to favor homeowners by slowing down the process,[1] the Court of Appeals this week reversed the opinion of the

---

[1] *Maddox v. Cohn*, 55 SEPT.TERM 2011, 2012 WL 178023, * 4 (Md. Jan. 24, 2012) ("Generally, from 2008 forward, [the legislative reforms] were passed as emergency

Court of Special Appeals relied upon by the Defendants in support of their Motion to

Dismiss concerning judicial immunity.

1.     The Court of Appeals' opinion reversing the decision by the Court of Spe-

cial Appeals specifically rejects that any immunity attaches to the activities of

substitute trustees since they are not judicial officers.   Specifically the Court

of Appeals held

> that the trial judge erred in granting, and the intermediate appellate
> court erred in affirming the grant of, Respondents' Motion to Dismiss
> on grounds of qualified judicial immunity, as that doctrine has not
> been adopted by this Court. We hold that the conduct of Diamond and
> Brown in sending notice of the Petition for Sale to the condominium
> address, in subsequently filing an affidavit affirming that they gave
> such notice, and in communicating with the hearing judge regarding
> Petitioner's exceptions to the sale, conduct alleged to be improper in
> Petitioner's Complaint, did not entitle the trustees to absolute judicial
> immunity as they were not judicial officers at the time the alleged acts
> were performed. Furthermore, we hold that Rosen Hoover, P.A. was
> not a judicial officer at the time of the events alleged in Petitioner's
> Complaint, and therefore, Rosen Hoover, P.A. is not entitled to receive
> absolute judicial immunity. Lastly, we hold that the concept of qualified
> public official immunity is inapplicable to the circumstances of this
> case.

*D'Aoust v. Diamond*, 5 SEPT.TERM 2011, 2012 WL 264574, *2 (Md. Jan. 31,

2012).

---

bills. As we view them, these new legislative acts are primarily designed to afford addi-
tional protections to mortgagors/homeowners by slowing down the foreclosure process
to provide opportunities for homeowners to avoid foreclosure. They also provide re-
quirements that lessen the impact of foreclosures on local governments").

2. The Defendants previously argued they were entitled to this Court dismissing this action because they were entitled to "qualified immunity" for the breach of their "duties in the court of conducting their discretionary role as foreclosure sale trustees.  The repeated gravamen of the claim is that Defendants delegated to authorized agents the task of signing Defendants' names to specific documents filed with the court in the foreclosure process.  At most, the authorized delegation of a signature constitutes a ministerial act 'nested' within a 'broader discretionary function.'" *See* Doc. 32-1 at Page 44 (quoting and citing the holding of *D'Aoust* in the Court of Special Appeals).

3. The Court of Appeals largely rejected the arguments put forward by the Defendants in this action including:

   A. The judicially appointed Trustees in *D'Aoust* were <u>not</u> public officials simply because they did not "exercise the sovereign power of the state" by merely giving notices and filing papers with the court. <u>*D'Aoust,*</u> 2012 WL 264574, * 18.[2]

   B. Even if the judicially appointed Trustees in *D'Aoust* were entitled to immunity as public officials, such immunity would be limited and would <u>not</u> apply "if their conduct is not in accordance with the appli-

---

[2] In this case there can be no dispute that the Defendants were not appointed by any state court.

cable rules or instructions governing the functions they are perform-
ing." *Id.* at *19.

C. "[T]he appropriate test for determining whether an individual is enti-
tled to receive the benefit of absolute judicial immunity for certain
functions is whether: (1) the act performed was by a judicial officer;
and (2) the act was a judicial act....In accordance with the applicable
test for absolute judicial immunity, we hold that [Appellees] acting as
court-appointed trustees, were not judicial officers and, thus, are not
entitled to receive the benefit of absolute judicial immunity for their
actions in connection with the sale of Petitioner's condominium. Be-
cause we hold that [Appellees] were not judicial officers, we need not,
and do not, address the issue of whether their actions constituted ju-
dicial acts." *Id.* at *22.

D. The Court of Appeals also rejected the notion that an agent who might
be entitled to immunity would also entitle the agents' principal to the
same immunity.  It held "as a matter of law, that the principal in an
agency relationship is not entitled to receive immunity simply because
the agent is entitled to receive immunity; the principal must establish
an independent basis to receive the benefit of an immunity shield."
*Id.* at *26.

Wherefore, the Plaintiffs request the Court to take notice of the Court of Appeals' decision in *D'Aoust v. Diamond*, 5 SEPT.TERM 2011, 2012 WL 264574 (Md. Jan. 31, 2012) as that case related to Defendants' theory of why this action should be dismissed.

Respectfully Submitted:


By:     */s/ Scott C. Borison*
        Scott C. Borison, Esq.
        Federal Bar No. 22576
        */s/ Phillip R. Robinson*
        Federal Bar No. 93431
        5500 Buckeystown Pike
        Frederick, Maryland  21703
        Telephone:  301.620.1016
        Facsimile:  301.620.1018
        E-mail:  borison@legglaw.com


By:     */s/ John J. Bascietto*
        John J. Bascietto, Esq.
        Federal Bar No. 28289
        Solomon & Bascietto, LLC
        4741 Sellman Road
        Beltsville, Maryland  20705
        Telephone:  240.206.6002
        Facsimile:  240.2710
        E-mail:    johnbaslaw@gmail.com


By:     */s/ Michael Gregg Morin*
        Michael Gregg Morin, Esq.
        Federal Bar No. 15399
        Post Office Box 778
        Severn, Maryland  21144-0778
        Telephone:  855.623.6453
        Facsimile:  855.329.6453
        E-mail:  mikemorin.morinlaw@gmail.com

— 6 —

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2012, I served copies of the foregoing Plaintiffs' Response to Defendants' Motion to Supplement upon all attorneys of record via the Court's ECF System.

By:     */s/ Michael Gregg Morin*
Michael Gregg Morin, Esq.
Federal Bar No. 15399
Post Office Box 778
Severn, Maryland  21144-0778
Telephone:  855.623.6453
Facsimile:  855.329.6453
E-mail:  mikemorin.morinlaw@gmail.com