**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**(GREENBELT DIVISION)**

| | |
|---|---|
| **MARJORIE STEWART,** *ET AL.* <br>     Plaintiffs <br><br> *v.* <br><br> **HOWARD NORMAN BIERMAN,** *ET AL.* <br>     Defendants | Civil Case Number: <br><br><br> **8:10-CV-02822-RWT** |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO**

**PLAINTIFFS' MOTION TO SUPPLEMENT OPPOSITION TO**

**MOTION TO DISMISS BASED ON RECENT AUTHORITY**

Plaintiffs moved to supplement their Opposition to the Defendants' Motion to Dismiss with the decision by the 4th Circuit in *Rawlinson v. Law Office of William M. Rudow, LLC*, 10-2148, 2012 WL 19666 (4th Cir. Jan. 5, 2012). Plaintiffs submit that the *Rawlinson* decision is relevant since it addresses specific issues that Defendants have argued in their motion to dismiss. Defendants have opposed the motion. (Document No. 58).

Defendants rest their opposition to the Court's consideration of *Rawlinson* on the contention that *Rawlinson* offers nothing new for the Court to consider. However, *Rawlinson* clearly does not support Defendants' position or there would be no reason

for the Defendants to oppose the motion which seeks to do nothing more than alert the court to additional, recent authority that was rendered after briefing was completed.[1]

Respectfully, the Plaintiffs wish to alert the Court to *Rawlinson* because the Defendants have put forth a narrow and revisionist reading of *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir.2006).   The Defendants argue that *Wilson* excludes debt collectors who only try to collect debts through enforcement of security instruments based on the statement in that opinion that "[o]ur decision is not intended to bring every law firm engaging in foreclosure proceedings under the ambit of the Act". 443 F.3d at 378.   The Defendants' interpretation of this clause is made, at best, in a vacuum.   First, the *Wilson* court made clear that the reference to enforcement of security instruments expanded the debt collection activities covered by the FDCPA.   The *Wilson* court held:

> It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests.   It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector."   *See Piper,* 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.")

*Wilson v. Draper & Goldberg, P.L.L.C.*  443 F.3d 373, 378 (4th Cir. 2006).

---

[1]   When the Defendants moved to supplement based on a new, recent decision by the 4th Circuit (Document No. 59), the Plaintiffs did not oppose the motion.   (Document No. 62)  The Plaintiffs pointed out that the decision supported their position on the matters raised in the recent decision.

While the enforcement of a security instrument is a debt collection activity, the issue remains as to whether the person engaging in that debt collection activity qualifies as a debt collector under the FDCPA.  The fact that a law firm may handle a foreclosure does not mean that the law firm automatically meets the definition of a "debt collector" under the FDCPA.  A debt collector is defined as "any business the principal purpose of which is the collection of any debts, or [a person] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.  The statement by the *Wilson* court was nothing more than an observation that the person collecting a debt through a foreclosure process must still be found to be a "debt collector" to be liable under the FDCPA.

The sentences that follow the isolated quote raised by Defendants confirm that the additional requirement of meeting the definition of a debt collector is the impetus for the court's statement.  The court continued and stated:

> Nevertheless, it is well-established that the Act applies to lawyers "who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation."  *Heintz,* 514 U.S. at 299, 115 S.Ct. 1489.  Congress enacted the Act to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C.A. 1692(e) (West 1998); *see also Carroll,* 961 F.2d at 460.  As such, lawyers who regularly engage in consumer-debt-collection activity should not be allowed to thwart this purpose merely because they proceed in the context of a foreclosure.

443 F.3d at 378.

The Defendants do not contend they do not meet the definition of a debt collector.[2]  Their actual argument, that enforcing security instruments is not collection of debt, has been flatly rejected.  The decision in *Rawlinson* confirms that the enforcement of a security instrument is a debt collection activity covered by the FDCPA.  If the person enforcing the security instrument also meets the definition of a debt collector, then the acts are covered by the FDCPA.  In *Rawlinson*, that court stated that there are no exemptions for debt collectors seeking to collect upon seizure of secured property.

> As a threshold issue, we must determine whether the replevin action, which sought possession of the vehicle and money damages, constitutes the collection of a "debt" within the meaning of the statute.  Our holding in *Wilson v. Draper & Goldberg, PLLC,* 443 F.3d 373, 375–76 (4th Cir.2006), requires that we conclude it does.
>
> In *Wilson,* we held that a proceeding to foreclose on real property constituted the collection of a "debt" under the FDCPA.  We explained that it would "create an enormous loophole" in the FDCPA if we immunized from its reach any debt that "happened to be secured by a real property interest" and in which "foreclosure proceedings were used to collect the debt."  *Id.* at 376.  We found "no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods."  *Id.*  Thus, *Wilson* held that the method by which a debt collector seeks to satisfy a debt does not determine whether a "debt" exists under the FDCPA.  *Id.* (quoting *Piper v. Portnoff Law Assoc.,* 396 F.3d 227, 236 (3d Cir.2005) ("We agree with the District Court that if a collector were able to avoid liability under the [Act] simply by choosing

---

[2] The Plaintiffs have alleged that the Defendants are "each a 'debt collector' as that term is defined by the FDCPA." FAC at ¶ 156.  In response, however, accepting the truth well pled facts of the FAC at this stage of the proceedings, there should be no doubt that the claims of the Plaintiffs under the FDCPA should proceed at this stage. The Defendants appear to concede the point in their opposition by admitting that "whether an attorney/trustee is a 'debt collector' as defined by the FDCPA is a fact-specific inquiry." *See* Opp. (Doc. 58) at pages 4.  Such fact-specific inquiries are designed under the federal rules for a later stage in this proceeding.

> to proceed *in rem* rather than *in personam*, it would undermine the purpose of the [Act].")).

> *Wilson* controls here and it mandates that we hold that a debt secured by personal property is subject to the FDCPA requirements just as *Wilson* held that a debt secured by real property is subject to these requirements.

*Rawlinson,* 2012 WL 19666, *2.

Based on this analysis of *Wilson*, the *Rawlinson* decision is relevant to the issues raised by the Defendants in their motion to dismiss.

Moreover, every state has a different set of foreclosure procedures and processes. Other states may not actually involve collection of the debt. However, every decision considering this question as applied to Maryland foreclosure law has found otherwise. *Wilson v. Draper & Goldberg, PLLC,* 443 F.3d 373; *Queen v. Walker*, RWT 09CV3428, 2010 WL 2696720 (D. Md. July 7, 2010); *Whiting v. Deloatch*, RWT 09CV3426, 2010 WL 2651656 (D. Md. July 1, 2010).

Further, Defendants mischaracterization of the FAC as solely focused upon collection by foreclosure is not even a fair reading of the well pled allegations and the facts known to the Defendants. Relevant to the Named Plaintiffs' claims are just a sampling of those bogus papers used by the Defendants to initiate their illegal foreclosure actions that seek to collect upon the debt of the named Plaintiffs and class members:

a. "These improper forms and affidavits filed by the Defendants included but are not limited to…[an] Affidavit of Deed of Trust Debt and Right to Foreclose" in the Second Nachbar Foreclosure action. FAC at ¶ 109. Attached

hereto is a copy of that document as Exhibit 1 which is a copy of that document which summarized a "statement of debt" alleged to be owed by Mr. Nachbar as of March 2, 2010.[3]

b.    "These improper forms and affidavits filed by the Defendants included but are not limited to…[an] Affidavit of Deed of Trust Debt and Right to Foreclose" in the Second Lembach Foreclosure action.   FAC at ¶ 136.   Attached hereto Exhibit 2 which is a copy of that document which summarized a "statement of debt" alleged to be owed by Mr. & Mrs. Lembach as of May 30, 2009. .

Wherefore, Plaintiffs respectfully request the Court to take notice of the 4th Circuit's decision in *Rawlinson v. Law Office of William M. Rudow, LLC*, 10-2148, 2012 WL 19666 as additional authority for the issues presently before the Court.

---

[3] *Porter v. GreenPoint Mortg. Funding, Inc.*, CIV.A. DKC 11-1251, 2011 WL 6837703, FN 1 (D. Md. Dec. 28, 2011) ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage," the court may consider it where the plaintiff has notice of the evidence, does not dispute its authenticity, and relies on it in framing the complaint. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir.2002); *see also Douglass v. NTI–TSS, Inc.*, 632 F.Supp.2d 486, 490 n. 1 (D.Md.2009)".

Respectfully Submitted:

By:    */s/ Scott C. Borison*
Scott C. Borison, Esq.
Federal Bar No. 22576
*/s/ Phillip R. Robinson*
Federal Bar No. 93431
5500 Buckeystown Pike
Frederick, Maryland  21703
Telephone:  301.620.1016
Facsimile:  301.620.1018
E-mail:  borison@legglaw.com

By:    */s/ John J. Bascietto*
John J. Bascietto, Esq.
Federal Bar No. 28289
Solomon & Bascietto, LLC
4741 Sellman Road
Beltsville, Maryland  20705
Telephone:  240.206.6002
Facsimile:  240.2710
E-mail:     johnbaslaw@gmail.com

By:    */s/ Michael Gregg Morin*
Michael Gregg Morin, Esq.
Federal Bar No. 15399
Post Office Box 778
Severn, Maryland  21144-0778
Telephone:  855.623.6453
Facsimile:  855.329.6453
E-mail:  mikemorin.morinlaw@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on 3 February 2012, I served copies of the foregoing Plaintiffs' Response to Defendants' Motion to Supplement upon all attorneys of record via the Court's ECF System.

By:    */s/ Michael Gregg Morin*
Michael Gregg Morin, Esq.
Federal Bar No. 15399